[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11377
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-21592-CMA


ROCHELLE DRIESSEN,
Mother of minor children B.O d/o/b 1993, and B.O. d/o/b 1994,

                                                        Plaintiff-Appellant,


versus


MIAMI-DADE COUNTY SCHOOL BOARD,
MARISA TINKLER-MENDEZ,
Judge, 11th Circuit in and for Dade County,
Florida (Criminal Division),
HARVEY RUVIN, Clerk of Courts 11th Judicial
Circuit in and for Dade County, Florida,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Rochelle Driessen, proceeding pro se, appeals the district court's dismissal of her claims against the Miami-Dade County School Board ("the School Board"), and Harvey Ruvin, Clerk of Courts for the Eleventh Judicial Circuit of Florida. Driessen claims that the School Board denied her an opportunity to participate in decisions regarding her handicapped daughter's education, in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A). Driessen sued Ruvin pursuant to 42 U.S.C. § 1983, claiming that Driessen was deprived of a constitutionally protected property interest in a well-maintained state court docket because, she alleges, that the clerk failed to keep a docket of her dependency hearings.

The district court granted motions that dismissed the claims on the following grounds:  (1) as to Ruvin, Driessen's factual allegation was patently meritless in light of public records indicating that a docket was kept and, therefore, the court lacked subject matter jurisdiction or, alternatively, she failed to state a claim under Rule 12(b)(6); and (2) as to the School Board, Driessen failed to exhaust her administrative remedies before filing in federal court or, alternatively, she lacked statutory standing as a "parent" under the IDEA  as the state court awarded permanent guardianship of the children to the children's maternal grandparents.

2

On appeal, Driessen first argues that the district court erred in granting the motions to dismiss because the court failed to obtain and consider the complete record of the underlying state administrative proceedings, as required by the IDEA. See 20 U.S.C. § 1415(i)(2)(C)(i) (stating that when a civil action is brought in court to challenge a state administrative decision, the court "shall receive the records of the administrative proceedings").   However, Driessen failed to present this argument to the district court.  Even assuming that Driessen did not waive this argument, the IDEA requires Driessen first to exhaust her administrative remedies prior even to bringing her claim against the School Board, which she failed to do. See 20 U.S.C. § 1415(l).[1]    Regarding her claim against Ruvin, the completeness or incompleteness of the IDEA administrative record is irrelevant because Driessen's claim arose under § 1983, which does not speak to that issue.

Finally, Driessen argues that the court had no personal jurisdiction to grant the motions to dismiss because, she alleges, process was never served on either the School Board or Ruvin.  First, the record establishes that the School Board and Ruvin were properly served. But, even assuming that the School Board and Ruvin were not properly served, the court had personal jurisdiction over them because neither party contested personal jurisdiction.

**AFFIRMED.**

---

[1] Driessen's May 5, 2011 complaint stated that her state administrative hearing was scheduled for June 14, 2011— more than a month later.

3