[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13277
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23081-JAL


ROCHELLE DRIESSEN,
Mother of Minor Children B.O. D/O/B 1993
and B.O. D/O/B 1994,

Plaintiff-Appellant,


versus


BAMBI LOCKMAN,
Bureau Chief,
FLORIDA DEPARTMENT OF EDUCATION,
BUREAU OF EXCEPTIONAL EDUCATION
AND STUDENT SERVICES,
STATE OF FLORIDA DIVISION OF
ADMINISTRATIVE HEARINGS,
MIAMI-DADE COUNTY SCHOOL BOARD, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 10, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Rochelle Driessen, plaintiff below and appellant here, appeals the judgment the District Court entered pursuant to its order granting the appellee defendants' motions to dismiss her *pro se* complaint filed on behalf of herself and her two minor daughters, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(A), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In her complaint, Driessen alleged that the defendants, which also included the U.S. Department of Education, had failed to provide a free and appropriate public education to one of her daughters, and that they had denied her access to her children's education records.

Prior to bringing this action, a Florida circuit court adjudicated Driessen's father the children's permanent legal guardian, with the express right to make all educational decisions for the children. In light of this decision, the District Court dismissed Driessen's complaint on the grounds that she lacked standing to prosecute it: (1) as a non-custodial parent without the authority to make educational decisions for her children, she could not bring the claims on behalf of herself; and (2) she could not bring the claims on behalf of her children.

In her brief on appeal, Driessen argues, among other things, that the District Court failed to entertain on the merits her claim that the defendants failed to

2

comply with the procedural requirements of the IDEA; since the court had jurisdiction under the IDEA and the Rehabilitation Act, it should have decided her claim.  Her brief fails, however, to address the District Court's dismissal of her complaint on the two grounds indicated above.  Though we normally would treat as abandoned any argument she could make regarding those grounds, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that a *pro se* plaintiff abandons any issues not raised on appeal), given her *pro se* status, we address them.

We review *de novo* the dismissal of a case for lack of standing.  *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  Under the IDEA, "[a]ny party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action . . . ."  20 U.S.C. § 1415(i)(2)(A).  Subsection (f) requires that "the parents or the local educational agency" involved in a due-process complaint have the opportunity for an impartial due-process hearing.  20 U.S.C. § 1415(f)(1)(A).  Subsection (k) provides that the "parent of a child with a disability who disagrees with any decision regarding placement, or the manifestation determination under this subsection,  . . . may request a hearing."  20 U.S.C. § 1415(k)(3)(A).

Regulations promulgated by the DOE define a parent, *inter alia*, as a "guardian generally authorized to act as the child's parent, or authorized to make educational decisions for the child." 34 C.F.R. § 300.30(a)(3). Moreover, if a judicial decree identifies a specific person to act as the parent of a child "or to make educational decisions on behalf of a child, then such person or persons shall be determined to be the 'parent.'" *Id.* § 300.30(b)(2). Under Florida law, the term "parent" does not include "an individual whose parental relationship to the child has been legally terminated." Fla. Stat. Ann. § 39.01(49). Florida law also provides that the phrase "[p]ermanent guardianship of a dependent child" indicates that the court has transferred the parental rights "with respect to the child relating to protection, education, care and control of the person, custody of the person, and decisionmaking on behalf of the child." *Id.* § 39.01(55).

Pursuant to 28 U.S.C. § 1654, parties in federal courts are permitted to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Nevertheless, a parent may not bring a *pro se* action in federal court on behalf of a child who was denied relief in an administrative hearing held under the IDEA. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535, 127 S.Ct. 1994, 2006-07, 167 L.Ed.2d 904 (2007) (holding that parents have separately enforceable rights under the IDEA and, thus,

declining to reach the question of whether parents may litigate their children's claims *pro se*).

The District Court properly dismissed Driessen's complaint because, at the time she filed it, she was not a "parent" under federal law and thus did not have the authority to make educational decisions on behalf of her children under state law. In short, she lacked standing to bring this lawsuit.

AFFIRMED.