[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13825
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22247-JAL


ROCHELLE DRIESSEN,

                                                         Plaintiff - Appellant,

                              versus

MIAMI-DADE COUNTY SCHOOL BOARD,
FLORIDA DEPARTMENT OF EDUCATION BUREAU OF
EXCEPTIONAL EDUCATION AND STUDENT SERVICES,
11TH JUDICIAL CIRCUIT COURT IN AND
FOR DADE COUNTY, FLORIDA JUVENILE DIVISION,

                                                         Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 31, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Rochelle Driessen appeals the district court's dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) of her Individuals With Disabilities Education Act (IDEA) claim.  After careful review, we affirm.

On June 15, 2012, Driessen filed suit against the above defendants, alleging several IDEA violations.  In her complaint, she conceded that a Florida state court had terminated her parental rights to her two children and attached a copy of a state-court order to that effect.  The district court took note and *sua sponte* dismissed Driessen's complaint as frivolous, noting that she had filed two previous IDEA lawsuits, both dismissed because she had no parental rights and therefore lacked standing to sue under the IDEA, and that her parental status had admittedly remained unchanged.  This is Driessen's appeal.

We review a dismissal for frivolity for an abuse of discretion.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  "A claim is frivolous if and only if it lacks an arguable basis either in law or in fact."  *Id.* (internal quotation marks omitted).  Driessen appealed both of her prior IDEA cases to this court.  In the first, we affirmed the district court's dismissal on grounds not relevant to this appeal.  *See Driessen v. Miami-Dade Cnty. Sch. Bd.*, No. 12-11377, 2013 WL 310055 (11th Cir. Jan. 28, 2013) (unpublished).  In the second, we also affirmed, holding that Driessen lacked standing because, as someone who did not have permanent legal guardianship of her children, she was without the authority to

2

make educational decisions for her children that is necessary to confer standing to assert an IDEA claim. *Driessen v. Lockman*, No. 12-13277, 2013 WL 1920911 (11th Cir. May 10, 2013) (unpublished). Driessen admitted in her complaint in the instant case that she still lacked legal guardianship of her children. Accordingly, for the reasons stated in *Driessen v. Lockman*, we conclude that Driessen's assertion of standing to bring this suit "lacks an arguable basis either in law or in fact," *Miller*, 541 F.3d at 1100 (internal quotation marks omitted), and the district court did not abuse its discretion in dismissing her case under § 1915(e)(2)(B)(i).

**AFFIRMED.**