KRAVITCH, Senior Circuit Judge:
William Devine (“Devine”), a non-lawyer, seeks to discharge his family’s attorney and represent the interests of his child, John, in a lawsuit pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (“IDEA”).[1] The district court denied Devine’s “Emergency Motion to Allow Withdrawal of Attorneys and Pro Se Appearance,” filed on the second day of trial. We affirm.
I.
During the 1992-93 school year, the Devine family, including their autistic son John, resided within the Indian River County school district. Agreeing that John is a disabled child within the meaning of IDEA, entitled to a free, appropriate public education, the parties sought to craft an individualized education program (“IEP”) for the *578 school year. A dispute arose as a result of Devine’s belief that John required more than the daytime schooling he received at Dodger-town Elementary School. Devine urged the school board to furnish a residential placement for John, preferably at the May Institute in Massachusetts.[2] The Indian River County school board denied such placement and the Devines requested a due process hearing, see 20 U.S.C. § 1415(b)(2), to challenge the board’s IEP on several grounds. At the hearing, Devine represented his family by examining witnesses and presenting evidence. The hearing officer concluded that the IEP was insufficient, as it ignored John’s developmental difficulties after school hours, but also ruled that a residential placement was unnecessary.
Thereafter, the Devines commenced the instant action in the district court, seeking: (1) attorney’s fees and costs as prevailing parties in the administrative proceeding;[3] (2) compensatory damages for expenses incurred as a result of the allegedly deficient IEP; (3) extended eligibility under IDEA; (4) general damages; and (5) prospective relief ordering residential placement at the May Institute.[4] From their initial complaint in October, 1993 until the second day of trial, February 21, 1995, the Devines were represented by counsel. For most of the proceedings, Robert Blackmore of Oregon served as the Devines’ attorney, having been admitted pro hoc vice and having associated with local counsel in accordance with the district court’s order.
At the beginning of the day on February 21, Blackmore informed the court that Devine wished to discharge him as the family’s attorney and to proceed with the trial unaided. Devine discussed the matter with the court, which then denied the motion. Trial proceeded until February 24, on which date the court recessed the trial to recommence July 27. Until this point, Devine apparently remained satisfied with Blackmore’s performance.[6] On June 7, however, Devine moved the district court to allow Blackmore to withdraw and to allow Devine to proceed pro se, citing undisclosed differences. The court denied the motion and Devine filed a timely notice of appeal.
II.
As a threshold matter, we consider whether we have jurisdiction over a non-final order allegedly infiingmg a party’s right to appear pro se.[5] The challenged order does not finally resolve the merits of the ease, authorizing our review under 28 U.S.C. § 1291, nor is it one of the kinds of interlocutory orders from which an appeal may be taken pursuant to 28 U.S.C. § 1292(a). Further, the district court did not certify the order as presenting “a controlling question of law as to which there is a substantial ground for a difference of opinion,” permitting appellate review under 28 U.S.C. § 1292(b).[7]
*579 Interlocutory jurisdiction only exists, then, if the challenged order fits within the narrow collateral order exception to section 1291’s finality requirement. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[8] To satisfy Cohen, a non-final order must “conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.” Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). We conclude that we have jurisdiction over non-final orders denying pro se status.
The majority of courts to address this question have found that jurisdiction is proper. Compare Reshard v. Britt, 819 F.2d 1573 (11th Cir.) (holds order denying personal representatives of estate from representing estate pro se immediately appealable), vacated, 831 F.2d 222 (11th Cir.1987), affirming district court by equally divided court, 839 F.2d 1499 (11th Cir.1988) (en banc);[9] C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir.1987) (without discussion, holds order striking trustee’s pro se pleadings on behalf of trust immediately appeal-able) and O’Reilly v. New York Times, 692 F.2d 863 (2d Cir.1982) (holds order denying discharge of counsel and request to proceed pro se immediately appealable) with Flora Constr. Co. v. Fireman’s Fund Ins. Co., 307 F.2d 413 (10th Cir.1962) (without discussion, holds order denying motion to proceed pro se on behalf of corporation not immediately appealable), cert. denied, 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).
Precedent aside, we conclude that the order in the instant case fits neatly within the scope of the collateral order exception. First, the district court’s order finally concluded the question of Devine’s pro se appearance; it required Devine to appear through Blackmore or to retain appropriate alternate counsel[10] and did not suggest that Devine might later be able to take over the case himself.[11]
Second, the validity of the district court’s order is separate from the merits of the underlying claim. Devine argues that he has a right to represent his son in federal court under 28 U.S.C. § 1654, Fed.R.Civ.P. 17(c), and IDEA. Thus, assessing the propriety of this interlocutory issue will turn on our interpretation of those statutes and rules. See, e.g., DeSisto College, Inc. v. Line, 888 F.2d 755, 763 (11th Cir.1989) (appeal challenging *580 sanctions under Fed.R.Civ.P. 11 is separable from merits of underlying civil rights claim), cert. denied, 495 U.S. 952, 110 S.Ct. 2219, 109 L.Ed.2d 544 (1990); Rives v. Franklin Life Ins. Co., 792 F.2d 1324, 1327 (5th Cir.1986) (appeal challenging disqualification of trustee requires interpretation of state statute regarding trustees and is separable from merits of underlying insurance dispute). Consequently, immediate review will not involve us in the subject matter of the lawsuit, namely, whether John was wrongly denied appropriate educational services. Cf. Holt v. Ford 862 F.2d 850, 853 (11th Cir.1989) (en banc) (order denying appointed counsel in informa pauperis civil rights action not separable because decision to appoint counsel requires consideration of legal and factual complexity of case on the merits).[12]
The third prong of the Cohen analysis— that the order appealed from be effectively unreviewable after final judgment — gives us the most pause. Specifically, because the Supreme Court has limited interlocutory appeals of orders regarding representation, we question whether the instant appeal is untimely. In a trilogy of cases, the Court refused to permit immediate appeals of various orders involving disqualification of trial counsel. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (order denying motion to disqualify opposing counsel in civil case); Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (order granting motion to disqualify defense counsel in criminal case); Richardson-Merrell, Inc. v. Roller, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (order granting motion to disqualify opposing counsel in civil case). These decisions suggest that representation-related orders are either fully reviewable on final appeal, thereby violating the unreviewability prong of Cohen, or are subject to review for prejudicial error, thus requiring an appellate court to investigate the merits of the underlying dispute, in violation of Cohen ’s separability requirement.[13]
We conclude that the foregoing analysis is inapplicable to orders denying a party the right to proceed pro se. Although we recognize that a trial court’s order requiring counsel is in part remediable after final judgment, given our “usual authority to vacate the judgment appealed from and order a new trial,” Firestone, 449 U.S. at 378, 101 S.Ct. at 675, we believe that the right to represent one’s self is effectively lost if not immediately vindicated. The harm in erroneously denying a party leave to proceed pro se is that it injures his/her dignity and autonomy, and this harm cannot be repaired after a judgment on the merits. See McKaskle v. Wiggins, 465 U.S. 168, 178, 104 S.Ct. 944, 951, 79 L.Ed.2d 122 (1984) (“The defendant’s appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear pro se exists to affirm the accused’s individual dignity and autonomy.”).[14] Moreover, this harm exists quite apart from any prejudice a party might incur from trying his/her case with an unwanted attorney; that is, the affront to a litigant’s right to conduct the case would persist even if the party were granted a new *581 trial because of an erroneous denial of pro se status.[15]
An order denying self-representation is analogous to other orders courts have found immediately appealable. Specifically, orders denying a litigant leave to proceed in forma pauperis or denying intervention as of right fit within the collateral order exception. Roberts v. United States Dist. Court for the N. Dist. of Cal., 339 U.S. 844, 845, 70 S.Ct. 954, 955, 94 L.Ed. 1326 (1950); Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co., 331 U.S. 519, 524-25, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646 (1947). Each of these orders effectively closes the courthouse door to litigants. Similarly, an order prohibiting a party from appearing pro se will practically bar indigent litigants from prosecuting their cases.[16] See Reshard, 819 F.2d at 1580.
In light of the foregoing, we conclude that the district court’s order is effectively unreviewable on appeal from final judgment and, therefore, we have jurisdiction over this appeal.
III.
Turning to the merits of this appeal, we first conclude that neither 28 U.S.C. § 1654 nor Fed.R.Civ.P 17(c), cited by Devine, permits a parent to represent his/her child in federal court. Section 1654 authorizes parties in federal cases to “plead and conduct their own cases personally or by counsel,” but is inapposite because it does not speak to the issue before us — -whether Devine may plead or conduct his son’s case.[17] Likewise, Rule 17(c) is unavailing; it permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel. See, e.g., Osei-Afriyie v. Medical College of Penn., 937 F.2d 876, 882-83 (3d Cir.1991) (neither section 1654 nor Rule 17(c) permits non-lawyer parent to represent child in federal court); Cheung v. Youth Orchestra Found, of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990) (same); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986) (same).
We also cannot agree with the argument that IDEA compels a contrary result in this ease. First, Devine cites two cases, Mountain View — Los Altos Union High Sch. Dist. v. Sharron B.H., 709 F.2d 28 (9th Cir.1983), and Vander Malle v. Ambach, 673 F.2d 49 (2d Cir.1982), for the proposition that IDEA accords parents the right to bring actions on behalf of their disabled children. We agree with the proposition, but it is irrelevant to the present inquiry; like Rule 17(c), IDEA allows parents to sue in their children’s stead, but does not authorize them to act as counsel in such a lawsuit. We are aware of no authority permitting non-lawyers to represent their children pro se in cases brought pursuant to IDEA.[18]
Devine’s second IDEA claim is that the statute and regulations promulgated *582 thereunder authorize parental representation. Although it is true that parents have the right to present evidence and examine witnesses in due process hearings held pursuant to IDEA, see 20 U.S.C. § 1415(d)(2); 34 C.F.R. § 303.422(b)(2), there is no indication that Congress intended to carry this requirement over to federal court proceedings. In the absence of such intent, we are compelled to follow the usual rule — -that parents who are not attorneys may not bring a pro se action on their child’s behalf — because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.[19]
IV.
Accordingly, the order of the district court denying Devine’s motion to represent his son is AFFIRMED.

. On June 4, 1997, President Clinton signed the Individuals with Disabilities Education Act Amendments of 1997. Its provisions do not affect the disposition of this case.

. John previously had been placed at the May Institute. The Devines lived in Massachusetts until moving to Florida in the fall of 1988.

. See 20 U.S.C. § 1415(e)(4)(B). The record indicates that the Devines retained Robert Black-more as their attorney for purposes of evaluating the hearing officer's proposed final order.

. The Devines moved to Massachusetts following the 1992-93 school year, and Massachusetts state and local school entities presently are paying for John's placement at the May Institute. Devine represented at oral argument that he wishes to return to Florida, and have local instrumentalities in Florida assume the cost of paying for John’s placement.

. In his brief, Devine states that "Blackmore did not adequately represent the interests of the Devines,” citing Blackmore’s failure to appear at a pretrial hearing and deficient performance at other unidentified hearings. Devine's February 21 colloquy with the district court, however, belies this claim and suggests that financial considerations motivated the request to proceed pro se.

. As is evident from section III, infra, we do not believe that Devine may proceed pro se on his son’s behalf. The nature of the jurisdictional inquiry, however, requires us to assume for present purposes that he can. We note that Devine does not challenge the district court's order as it applies to his representation of his wife and himself. Thus, we think the order is best characterized — in order to assess jurisdiction — as one denying a motion to proceed pro se on John's behalf.

. Although a motions panel of this court denied the school board's motion to dismiss the appeal for lack of jurisdiction, we may revisit that determination. See 11th Cir. R. 27-1 (f).

. Our court has recognized that three exceptions to the finality requirement exist: (1) the collateral order doctrine; (2) the doctrine of practical finality; and (3) the exception for intermediate resolution of issues fundamental to the merits of the case. In re: F.D.R. Hickory House, Inc., 60 F.3d 724, 725 (11th Cir.1995). Upon consideration, we are persuaded that only the first of these is arguably relevant to the instant appeal. The doctrine of practical finality, or the ForgayConrad rule, applies in cases involving property contests, id. at 726, and the final exception (first articulated in Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964)), has been given a narrow construction. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 2462 n. 30, 57 L.Ed.2d 351 (1978) (describing Gillespie as permitting jurisdiction over "unsettled issue of national significance” when jurisdictional problem only identified late in the litigation; holds that "[i]f Gillespie were extended beyond the unique facts of that case, § 1291 would be stripped of all significance.”).

. Our Reshard case was vacated so that the merits of the panel’s decision could be reconsidered en banc. See 839 F.2d at 1500 (Tjoflat, J., dissenting) (noting reason for en banc consideration). On the merits, the en banc court could not reach a majority decision, resulting in the district court being affirmed by operation of law, and leaving no binding circuit precedent on point. Given the procedural posture of Reshard and its persuasive reasoning, however, the opinion informs much of our analysis.

. The order states: "The complexity of this action demands that Plaintiffs be represented by counsel. Therefore, counsel will be permitted to withdraw only where substitute counsel is named in the motion.” Order of June 24, 1995.

. The order is therefore distinguishable from orders that do not reject conclusively a party’s claimed right. For instance, in Holt v. Ford, 862 F.2d 850 (11th Cir.1989) (en banc), we found an order denying appointed counsel to an indigent § 1983 plaintiff was not a final rejection of a claimed right because the district court could reconsider its decision if the litigation proved to be more involved than initially anticipated. By contrast, as a case proceeds toward a conclusion with counsel, it is unlikely that a court will interrupt the proceedings to let a party represent himself/herself.

. Unlike the request for appointed counsel at issue in Holt, the right to proceed pro se does not depend on the factual or legal complexity of the case.

. For instance, in Flanagan, 465 U.S. at 268, 104 S.Ct. at 1056, the Court staled:
[I]f establishing a violation of [petitioners'] asserted right requires no showing of prejudice to their defense, a pretrial order violating the right does not meet the third condition for coverage by the collateral order exception: it is not "effectively unreviewable on appeal from a final judgment.”
If, on the other hand, petitioners’ asserted right is one that is not violated absent some specifically demonstrated prejudice to the defense ... the second Coopers & Lybrand condition — that the order be truly collateral — is not satisfied.... Its validity cannot be adequately reviewed until trial is complete.

.Although McKaskle involved a criminal defendant’s constitutional right of self-representation, "the right to proceed pro se under 28 U.S.C. § 1654[ ] is a fundamental statutory right that is afforded the highest degree of protection. It is a right which is deeply rooted in our constitutional heritage, and although statutory in origin, ‘[fits constitutional aura is underscored by the proposal the very next day of the Sixth Amendment,’ to the U.S. Constitution.” Reshard, 819 F.2d at 1579 (quoting United States v. Dougherty, 473 F.2d 1113, 1123 (D.C.Cir.1972)).

. But see Flanagan, 465 U.S. at 267-68, 104 S.Ct. at 1055-56 (dicta) (implying non-appealability of erroneous denial of right to self-representation in criminal case).

. Thus, an order denying pro se status is distinguishable from one denying an in forma pauperis § 1983 or Title VII litigant appointed counsel, which we have held to be unappealable under Cohen. Holt v. Ford, 862 F.2d 850 (11th Cir.1989) (en banc); Hodges v. Department of Corrections, 895 F.2d 1360 (11th Cir.1990). An indigent party aggrieved by the former order cannot advance his/her case, but one harmed by the latter order can (by appearing pro se).

. We note that Devine is also a plaintiff in this matter. Thus, section 1654 permits him to prosecute his own case in district court without benefit of counsel, in appropriate circumstances. See Cross v. United States, 893 F.2d 1287, 1291 n. 10 (llth Cir.)(dicta) (denial of "eleventh hour” request to proceed pro se may be appropriate), cert. denied, 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990); O’Reilly v. New York Times Co., 692 F.2d 863, 867 (2d Cir.1982) (request to proceed pro se must be timely, whether made in criminal or civil case).

.The published cases under IDEA (and its precursor, the Education for All Handicapped Children Act) involving pro se representation by parents are distinguishable from the present case because they involved parents who were attorneys. Kattan by Thomas v. District of Columbia, 995 F.2d 274, 275 (D.C.Cir.1993)(lawyer-father represented family in pro se action), cert. denied, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 71 (1994); Rappaport v. Vance, 812 F.Supp. 609, 612 (D.Md.1993) (same), appeal dismissed, 14 F.3d 596 (4th Cir. 1994); Ahem v. Keene, 593 F.Supp. 902, 904 n. 1 (D.Del.1984) (same).

. For instance, we note that the school board in this case moved the district court to dismiss the Devines’ action on abstention grounds. The Devines, through counsel, responded and succeeded in avoiding dismissal. A non-lawyer parent, though perhaps the most competent person to present evidence relevant to his/her child’s disability at a due process hearing, would be ill-equipped to contest a motion based on such a difficult issue.