[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11029
_____

D.C. Docket No. 5:16-cv-00590-WTH-PRL


BILL PAUL MARQUARDT,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 28, 2017)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Bill Paul Marquardt, a prisoner sentenced to death, filed an action pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence. During the course of the district-court proceedings, the district court denied Marquardt's motion to proceed *pro se* and for appointment of standby counsel, as well as his motion to fire appointed counsel. Over Marquardt's objection, the district court also granted appointed counsel's motion to stay the § 2254 proceedings pending resolution of state proceedings that appointed counsel initiated to exhaust state remedies. Marquardt seeks to interlocutorily appeal all of these orders.

## I.

## A.

Marquardt was charged by the State of Florida with, among other crimes, the first-degree murders of Margarita Ruiz and her daughter Esperanza "Hope" Wells. Before the trial, Marquardt decided that he wished to represent himself. After a *Faretta*[1] inquiry, the state court allowed Marquardt to proceed pro se and appointed the Office of Regional Criminal Conflict and Civil Regional Counsel ("CCCRC") to act as standby counsel.

As relevant here, a jury convicted Marquardt of both counts of first-degree murder. Marquardt then waived a penalty-phase jury recommendation and proceeded to sentencing before the trial judge. He once again elected to represent

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

himself during the penalty phase.  At the penalty phase, Marquardt chose not to present mitigation evidence, instead stating that it was in his best interest to receive the death penalty.  In support of that position, Marquardt presented several aggravating circumstances that he argued justified the imposition of the death penalty.

The trial court appointed previously appointed standby counsel (CCCRC) to assist the trial court by presenting mitigation evidence.  CCCRC did so.

Ultimately, the trial court imposed the death penalty, concluding that the four aggravating factors it found outweighed the two mitigating factors it found.

### B.

In September 2016, Marquardt filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  After the magistrate judge granted Marquardt leave to proceed *in forma pauperis*, Marquardt filed several motions.  As relevant here, he moved to appoint standby counsel for his § 2254 proceedings.  In his motion, he stated that he wished to represent himself and have standby counsel available to assist him if the need arose.

The State of Florida opposed the motion.  It noted that Florida had appointed Marquardt counsel in the form of the Office of Capital Collateral Regional Counsel ("CCRC-M"), to assist in state and federal post-conviction proceedings, and Marquardt had not identified any conflicts or deficiencies with appointed counsel.

3

Marquardt responded by moving to fire CCRC-M counsel.  In his motion he complained that counsel had sought a new trial for him in state court, based on a claim that Marquardt was not competent and should not have been allowed to represent himself.  Marquardt also sought a competency hearing.

When CCRC-M made an appearance in this case on December 15, 2016, it noted that it had been appointed to represent Marquardt in state court on May 4, 2015, had filed its notice of appearance three days later, and had continuously represented him since that time.  Counsel then recounted that two motions it had filed were then pending before the Florida courts:  (1) a motion to vacate convictions and sentences, pursuant to Fla. R. Crim. P. 3.851; and (2) a motion for determination of competency, pursuant to Fla. R. Crim. P. 3.851(g).  Counsel further asserted that it had a "good faith basis to believe [Marquardt] is currently incompetent to proceed" and noted that the state trial court had recently appointed three doctors to determine Marquardt's competency.  Because of this, counsel stated, the state court did not intend to proceed on Marquardt's Rule 3.851 motion until the competency issue was resolved.  Finally, counsel opined that Marquardt had "numerous meritorious post-conviction claims that were not included in his limited *pro se* petition and which remain unexhausted in state court."  For this reason, counsel suggested that Marquardt's § 2254 proceeding be stayed and

abeyed, and counsel offered to file an amended petition that included all of Marquardt's post-conviction claims.

On December 20, 2016, a magistrate judge denied Marquardt's motion for appointment of standby counsel and leave to proceed *pro se* and his motion to fire appointed CCRC-M. But the magistrate judge granted CCRC-M's motion to hold the case in abeyance.

This ruling precipitated a second wave of motions from Marquardt. Among others, Marquardt filed a second motion for appointment of standby counsel and a motion for reconsideration of the magistrate judge's December 20, 2016, order.

In the meantime, CCRC-M filed a status report noting that the state court had directed the three appointed doctors to evaluate Marquardt's competency and submit written reports by March 13, 2017. It also asked the court to continue to hold the case in abeyance.

On February 22, 2017, the district court denied Marquardt's motion for reconsideration of the magistrate judge's December 20, 2016, order. More specifically, the district court agreed with the magistrate judge's denial of Marquardt's motion to fire CCRC-M and proceed *pro se* with the appointment of standby counsel. Along the same lines, the district court also denied Marquardt's second motion for appointment of standby counsel. In its order, the district court also granted CCRC-M's motion to continue to hold the case in abeyance pending

counsel's filing of a motion to stay and abey, along with a motion to amend Marquardt's § 2254 petition to add the claims that Marquardt had not included in his original filing.[2]

Marquardt appeals the district court's February 22, 2017, order. In his notice of appeal, Marquardt states he specifically challenges the district court's decisions to hold his § 2254 petition in abeyance and to deny standby counsel.

## II.

We begin with the district court's denial of Marquardt's motion for appointment of standby counsel and the related issues it raises, namely the denial of Marquardt's request (1) to fire appointed counsel; (2) to proceed *pro se*; and (3) for the appointment of standby counsel. Before we may address the merits of Marquardt's appeal of these issues, however, we must first satisfy ourselves that we have jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

As a general rule, we have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291; *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981). We have explained that a final decision "ends the litigation

---

[2] CCRC-M has since filed a motion seeking to amend the § 2254 petition and to hold the proceedings in abeyance pending resolution of the state proceedings, and the district court granted the motion. Following the entry of this order, in November, CCRC-M reported that all three doctors appointed to evaluate Marquardt have opined that he is not competent to proceed.

on the merits and leaves nothing for the court to do but execute the judgment." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (citation and quotation marks omitted).

But every rule has an exception.  And as relevant here, the collateral-order doctrine provides that we may review an order that does not end the litigation on the merits if three conditions are satisfied:   the order must (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment."  *Risjord*, 449 U.S. at 375 (citation and quotation marks omitted).  When these circumstances apply, the interlocutory order sought to be appealed is essentially considered a "final judgment," so it is reviewable.  *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).  Nevertheless, the Supreme Court has emphasized that the collateral-order exception is a "narrow" one."  *Id.*

In determining whether an issue qualifies for interlocutory appeal, we do not conduct an "individualized jurisdictional inquiry."   *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (citation and quotation marks omitted).  Instead, we consider "the entire category to which a claim belongs."  *Id.* (citation and quotation marks omitted).  This means that we evaluate whether "the class of claims, taken as a whole, can be adequately vindicated by other means."   *Id.*

7

(citation and quotation marks omitted).  Only if it may not may the issue qualify for interlocutory review under the collateral-order doctrine.  *Id.*

Keeping these considerations in mind, we first note that we have held that an order denying a motion for leave to proceed *pro se* is immediately appealable under the collateral-order doctrine.  *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 578-81 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  In *Devine*, we explained that the second prong of the collateral-order doctrine—that the appeal "resolve an important issue completely separate from the merits of the action"—is met in an appeal of the denial of a motion to proceed *pro se* when the denial is "separate from the merits of the underlying claim."  *Id.* at 579.  And the third circumstance—that the denial be effectively unreviewable from a final judgment— is satisfied because the right to self-representation "is effectively lost if not immediately vindicated.  The harm in erroneously denying a party leave to proceed *pro se* is that it injures his/her dignity and autonomy, and this harm cannot be repaired after a judgment on the merits."  *Id.* at 580.

Florida suggests, however, that the district court's denial of authorization for Marquardt to proceed *pro se* is not immediately appealable because the decision fails to fulfill the first collateral-order-doctrine requirement:  in particular, Florida asserts that "the court could still reverse its decision and grant Marquardt's request

8

at a later time." True, but a district court may always reverse an earlier decision, and the court could have done that in the *Devine* case as well. And here, the order is phrased in conclusive terms and agrees with the magistrate judge's determination that "allowing [Marquardt] to proceed *pro se* will not promote the integrity and efficiency of the federal proceedings." This conclusion is neither conditional nor limited. Rather, the order relies on circumstances that are highly unlikely to change, namely the complexity of the case and Marquardt's lack of understanding of the proceedings:

> [Marquardt's] lack of understanding of the proceedings both in state and federal court underscore why his request for self-representation was denied. The Magistrate Judge correctly found that [Marquardt's] counsel are experienced post-conviction attorneys and there is nothing before the Court to reflect any deficiencies in their representation. Counsel's efforts to pursue and preserve [Marquardt's] claims, along with the competency issues that are being addressed by them in state court, also underscore why his requests for standby or different counsel are denied.

We therefore disagree with Florida that the order does not speak in terms sufficiently conclusive to meet the collateral-order doctrine's first requirement. Because all three collateral-order-doctrine conditions are satisfied, we have jurisdiction to review on interlocutory appeal the district court's denial of permission to proceed *pro se*.

9

Having established jurisdiction over the decision to deny *pro se* status, we address the merits of this issue. A § 2254 petition—a collateral appeal—is, of course, a type of appeal. We therefore review for abuse of discretion a district court's decision declining to allow a § 2254 petitioner to proceed *pro se*. *See Martinez v. Ct. of App. of Cal. 4th App. Dist.*, 528 U.S. 152, 163 (2000) (noting that courts "may . . . exercise their discretion to allow a lay person to proceed *pro se*" on appeal). Here, we find no abuse.

The Supreme Court has held that the Sixth Amendment "necessarily implies the right of self-representation" at a criminal trial. *Faretta*, 422 U.S. 806, 832 (1975). But the Supreme Court has found that no such right exists on appeal. *Martinez*, 528 U.S. at 163. As the Court has explained, a criminal defendant is differently situated at trial than he is on appeal. *Id.* at 163. At trial, the prosecution brings the case against a defendant who is presumed innocent. *Id.* at 162. On appeal, however, the convicted defendant, who is no longer presumed innocent, prosecutes the appeal. *Id.* So unlike a criminal trial, state "appellate proceedings are simply not a case of haling a person into its criminal courts." *Id.* at 163 (citation, internal quotation marks, and alteration omitted). As a result, the balance between the court's "interest in ensuring the integrity and efficiency of the trial" and "the defendant's interest in acting as his own lawyer" favors the court's

interest during an appeal, and a court has the discretion to allow a defendant to proceed *pro se* on appeal. *Id.* at 162-63.

The district court here declined to allow Marquardt to proceed *pro se* for several reasons. It noted that Marquardt "is not formally trained in the law, and the issues governing his case are complex, including the exhaustion of state remedies regarding claims that are raised in a federal petition." In addition, the court expressed concern over "[t]he issues surrounding [Marquardt's] competency . . . and the matter of a potential abeyance" pending the state court's resolution of additional claims. The district court also observed that specific CCRC-M counsel representing Marquardt "are experienced post-conviction attorneys and there [wa]s nothing before the Court to reflect any deficiencies in their representation." Finally, the district court agreed with the magistrate judge's conclusion that allowing Marquardt to proceed *pro se* would "not promote the integrity and efficiency of the federal proceedings." Based on this record and reasoning, we cannot say that the district court abused its discretion in reaching this decision.

As we have noted, Marquardt also seeks to appeal the district court's denial of his motion to terminate appointed counsel and to appoint standby counsel. But Marquardt seeks reversal of these orders only in connection with his quest to represent himself. Under these circumstances, the district court's rulings denying the motions to terminate appointed counsel and to appoint standby counsel are

11

necessarily intertwined with that of authorization to proceed *pro se*. Because the district court did not abuse its discretion in declining to allow Marquardt to proceed *pro se*, the issues concerning termination of appointed counsel and appointment of standby counsel are moot.

### III.

We now turn to the district court's order granting the motion to stay and abey the proceedings pending resolution of the state proceedings. Once again, we must begin by considering our jurisdiction. And once again, we recognize the usual rule that only final judgments may be appealed. But once again, we must consider whether an exception may apply: this time, it's the effectively-out-of-court doctrine.[3]

Though an order staying a federal proceeding generally does not qualify as final under § 1291 for purposes of appeal, such an order does so qualify if it puts the appellant "effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983); *see also Hines v. D'Artois*, 531 F.2d 726, 730 (5th Cir. 1976). "Effectively out of court" means that the stay, as a practical matter, has rendered the action "effectively dead," including a stay that results in "any extended state of suspended animation." *Id.*; *see also CTI-Container Leasing*

---

[3] The collateral-order doctrine and the effectively-out-of-court doctrine are related, but our predecessor court has explained that they are not the same. *See Hines v. D'Artois*, 531 F.2d 726, 730 (5th Cir. 1976).

12

*Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1287 (11th Cir. 1982).  In determining whether the effectively-out-of-court doctrine applies, we also balance the inconvenience and cost of piecemeal review against the danger of denying justice by delay.  *Id.*

Where, as here an order stays a federal case pending the conclusion of related proceedings in state court, ordinarily, such an order is immediately appealable because of "[c]oncerns about protecting federal court decisional authority."  *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1195 (11th Cir. 2009).  But in the specific context of an order granting a stay in a § 2254 action pending exhaustion of state remedies, the answer is not so clear.  Indeed, the entire purpose of the stay in the § 2254 action is to protect federal jurisdiction over yet-unexhausted claims.  So the purpose behind the ordinary rule rendering final a stay pending the conclusion of related proceedings in state court does not apply.

We need not get bogged down in this issue, though, because another jurisdictional problem precludes us from considering Marquardt's appeal of the order granting the stay, regardless of whether the order would otherwise be appealable under the effectively-out-of-court doctrine.  We have explained that Article III requires litigants to demonstrate their standing "not only to bring claims, but also to appeal judgments."  *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th

Cir. 2003). Though we have described the doctrines of trial and appellate standing as "similar and overlapping," we have recognized that they are not the same. *Id.* "The primary limitation on a litigant's appellate standing is the adverseness requirement" that applies peculiarly on appeal. *Id.* (citation, quotation marks, and alterations omitted). Specifically, only a litigant whom the district court judgment aggrieves has standing to appeal. *Id.* And generally, a party who prevails in the district court is not harmed and therefore not aggrieved by the district court's ruling. *Agripost, Inc. v. Miami-Dade Cty.*, 195 F.3d 1225, 1230 (11th Cir. 1999).

In this case, we also account for the significant fact that an attorney is generally deemed to act as the client's representative. *See Maples v. Thomas*, 565 U.S. 266, 923 (2012). We have noted that in a habeas case—even a capital case—a § 2254 petitioner may be bound by his counsel's strategic decisions, unless the attorney acts with divided loyalty or in bad faith. *See Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1295-96 (11th Cir. 2015). On the other hand, under the "next friend" doctrine established in *Whitmore v. Arkansas*, 495 U.S. 149 (1990), a mentally competent petitioner has the right of self-determination and freedom to make fundamental choices affecting his life, including whether he wishes for the federal proceedings to be stayed to allow for exhaustion of state remedies. *See Sanchez-Velasco v. Sec'y of Dep't Corr.*, 287 F.3d 1015, 1033 (11th Cir. 2002).

14

Here, Marquardt's competency at this point in time is in real question.[4]  And as we have explained, the district court did not abuse its discretion in denying Marquardt's motion to proceed *pro se*.  Under these particular circumstances, Marquardt's counsel therefore acted on Marquardt's behalf when counsel moved to stay the federal proceedings pending exhaustion of the state remedies.  This type of decision is a strategic one by which Marquardt is bound unless counsel sought the stay in bad faith or with divided loyalty to Marquardt.  Nothing in the record allows us to conclude that counsel here acted either in bad faith or with divided loyalty to Marquardt.  Marquardt is therefore bound by counsel's decision to seek the stay.  And since counsel, representing Marquardt, prevailed on the motion to stay, Marquardt is not an aggrieved party.  He therefore lacks standing to appeal the order granting stay.  As a result, Article III jurisdiction is lacking, and we cannot review the district court's decision granting the stay.

## IV.

For the reasons we have discussed, we affirm the district court's order denying Marquardt self-representation.  We dismiss as moot that aspect of the appeal challenging the district court's denial of Marquardt's motions to terminate appointed counsel and for the appointment of standby counsel.  And we dismiss the appeal for lack of jurisdiction as the appeal relates to the district court's order

---

[4] We do not purport to opine on Marquardt's competency at the time of trial.

15

granting a stay of the federal proceedings pending resolution of the state proceedings.

**AFFIRMED IN PART and DISMISSED IN PART.**