[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14236
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cr-00077-CDL-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL ERIC COBBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 7, 2019)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, Daniel Eric Cobble challenges the district

court's order directing his standby counsel to represent him for all pre-trial matters

and rescinding his ability to represent himself *pro se* for pre-trial matters.  He contends that before entering the order the district court had to find that he was not competent to represent himself.[1]

The "Sixth and Fourteenth Amendments include a 'constitutional right to proceed without counsel when' a criminal defendant 'voluntarily and intelligently elects to do so.'"  *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (quoting *Faretta v. California*, 422 U.S. 806, 807 (1975).  We have not yet had occasion to determine whether a district court may impose the sort of restriction the court has imposed here on an accused who insists on representing himself.

In *Gomez-Rosario*, the First Circuit approved of restrictions on a *pro se* criminal defendant similar to those imposed on Cobble.  *See United States v. Gomez-Rosario*, 418 F.3d 90, 97-99 (1st Cir. 2005) (persuasive authority).  There, the accused although represented by counsel, filed approximately 95 *pro se* motions in a one-year span, many of which were "quite long and packed with muddled, contradictory, meritless legal argument."  *Id*. at 96-97.  When he requested leave to proceed *pro se*, the district court allowed him to do so only if his

---

[1] We have jurisdiction over this interlocutory appeal pursuant to the collateral order doctrine.  *See Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 580-81 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

2

attorney served as standby counsel and reviewed and screened his motions, approving those the attorney deemed appropriate.  *Id*. at 98.

The First Circuit approved of the condition the district court imposed, concluding that it did not violate his Sixth Amendment right to self-representation. *Id*. at 100.   The accused was still able to represent himself, address the district court, such that standby counsel did not "so interfere with his right to self-representation as to effectively render his right to self-representation meaningless." *Id*. (quotation omitted).

The district court did not err in precluding Cobble from representing himself in pretrial matters without first finding him incompetent.  The motions Cobble was filing constituted an abuse of the judicial process court.  The court entered the order in the exercise of is inherent power to manage the case.

AFFIRMED.

3