[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12789

Non-Argument Calendar

_____

ANNIE MANTZ,
on behalf of Anthony Jay Dunkley, Jr.,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81599-RLR

_____

Before JORDAN, ROSENBAUM, AND NEWSOM, Circuit Judges.

PER CURIAM:

Annie Mantz filed a *pro se* lawsuit against the Commissioner of the Social Security Administration on behalf of her grandson, Anthony Dunkley, Jr., who received survivor's benefits after the death of his mother. According to the complaint, Dunkley was entitled to receive survivor's benefits through his high-school graduation in June 2020, but the agency prematurely terminated the benefits in June 2019. It took months of effort and correspondence to get the benefits reinstated, and even then, the amount of backpay Dunkley received was incorrect, causing hardship to the family.[1] The complaint sought back benefits and $150,000,000 in punitive damages for anxiety, emotional distress, and financial hardship stemming from the agency's alleged "malicious intent to delay," "wrongful appropriation," "theft," "embezzlement," and "discrimination."

The district court dismissed the lawsuit based on a report and recommendation ("R&R") from the magistrate judge. In the R&R, the magistrate judge concluded that Mantz and Dunkley, before filing suit in federal court, failed to exhaust administrative remedies and receive a final agency decision in relation to the alleged

---

[1] The agency initially withheld a portion of these benefits to recover a purported overpayment of disability benefits to Dunkley's mother soon after her death, though it eventually repaid the amount withheld.

withholding or underpayment of benefits.  *See* 42 U.S.C. § 405(g) (authorizing judicial review of "final decision[s] of the Commissioner of Social Security"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1236 (11th Cir. 1983). ("Section 405(h) [of Title 42 of the U.S. Code] prohibits federal court review of administrative decisions except as provided in section 405(g).").  The magistrate judge advised that the parties had fourteen days to file objections to the R&R and that the "[f]ailure to timely file objections shall constitute a waiver of a party's 'right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.' 11th Cir. R. 3-1 (2016)."  Two months later, neither Mantz nor Dunkley had submitted any objections, so the district court adopted the R&R and dismissed the case.

The day after the district court entered its dismissal order, Mantz filed a motion requesting that the clerk enter default against the Commissioner, which was denied.  She had filed two similar motions earlier in the case, which were also denied: first, because no summons or waiver of service had been returned; and second, because a motion to dismiss had been filed.  Mantz then filed a motion to reopen the case, which was denied, and this appeal followed.  On appeal, Mantz restates the allegations and claims made in the complaint and asserts that she was entitled to entry of default because of the Commissioner's alleged failure to submit a "proper response."

We affirm the dismissal of Mantz's complaint.  As to the issue of default, we see nothing improper in the proceedings below.

At the time of the first motion for entry of default, no summons or waiver of service had been returned, so the Commissioner could not yet be held responsible for failing to respond. *See* Fed. R. Civ. P. 12(a) (providing that the time limits to respond begin either "after being served" or with waiver of service).

Then, by the time Mantz filed the second and third motions for entry of default, the Commissioner had moved to dismiss the lawsuit, so default was not appropriate. Default can be entered only when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). And the phrase "otherwise defend" includes the filing of a timely motion to dismiss. *See Bass v. Hoagland*, 172 F.2d 205, 211 (5th Cir. 1949) ("The words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits."). Because the Commissioner timely "otherwise defend[ed]" the action through the entry of final judgment, there was no basis to grant the second or third motions for entry of default. So we also reject Mantz's claim that the district judge committed judicial misconduct in relation to these motions.

Turning to the dismissal of the complaint, we conclude that Mantz failed to preserve a challenge to the district court's order. Although we liberally construe the filings of *pro se* parties, "we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Two such rules apply to bar our review.

First, our rules provide that a party's failure to submit timely objections to a magistrate judge's report and recommendation, when properly warned of the consequences, "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. Here, because Mantz did not submit timely objections after being warned of what that would mean on appeal, she has waived review of the district court's conclusion that her complaint was subject to dismissal for failure to exhaust administrative remedies.[2] *See Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1192 (11th Cir. 2020).

Second, though we may still "review on appeal for plain error if necessary in the interests of justice," 11th Cir. R. 3-1, that exception does not apply here for another procedural reason. Mantz's brief fails to raise any argument or even address the issue of administrative exhaustion, which was the entire basis for the district court's dismissal order. We will not consider an argument that she has obviously abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

In any case, nothing in the record suggests that plain-error review is in the interest of justice here. Despite extensive correspondence between Dunkley, Mantz, and the SSA, nothing in the

---

[2] Mantz notes that she consented to the exercise of jurisdiction by the magistrate judge. But such jurisdiction depends on the consent of both parties, *see* 28 U.S.C. § 636(c), and it does not appear that the Commissioner consented.

record indicates that Mantz or Dunkley proceeded through the general administrative review process that would lead to a "final decision." *See* 20 C.F.R. §§ 404.900, 404.902. And even if the district court were wrong about exhaustion, the criminal statutes on which Mantz relies do not provide a private right of action.[3]  *See Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002) (explaining that criminal statutes do not provide for private civil causes of action). More fundamentally, it appears that Mantz was not authorized to pursue claims on behalf of Dunkley through a *pro se* action in federal court, even assuming she was his legal guardian. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) ("[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf."), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007).

For all these reasons, we affirm the dismissal of Mantz's complaint without prejudice.[4]

---

[3] To the extent Mantz sought to raise tort claims against individual actors in the SSA, those claims would be subject to the Federal Tort Claims Act, and nothing indicates that she met the administrative requirements of that Act. *See, e.g.*, 28 U.S.C. § 2675(a); *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

[4] Because we conclude that Mantz has abandoned any challenge to the grounds for the dismissal order, we need not consider whether the court properly described its ruling as jurisdictional in nature.

21-12789              Opinion of the Court                    7

AFFIRMED.

USCA11 Case: 21-12789    Date Filed: 07/21/2022    Page: 7 of 7