[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10607

Non-Argument Calendar

_____

CARLOS ALONSO,
as an individual,
FE MOREJON,

                                    Plaintiffs-Appellants,

*versus*

DR. GLADYS Y. ALONSO,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                Opinion of the Court            22-10607

D.C. Docket No. 1:18-cv-23668-RNS

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Carlos Alonso and Fe Morejon appeal the dismissal of the second amended complaint they filed on behalf of their disabled son Angie, alleging violations of the Americans with Disabilities Act and the Rehabilitation Act. The defendant below, Dr. Gladys Alonso, has moved to dismiss the appeal for lack of standing and as frivolous.

## I.

Carlos Alonso filed a pro se complaint against Dr. Gladys Alonso in September 2018, alleging that Gladys[1] discriminated against Carlos's disabled son, Angie, in violation of the Americans with Disabilities Act and the Rehabilitation Act, and retaliated against Angie and Carlos when Carlos complained about the discrimination.

Gladys's office manager accepted service of the complaint and summons in early November 2018. Gladys failed to file an answer to the complaint within the time allowed, and at Carlos's request, the clerk entered a default against her. In January 2019,

---

[1] Because Plaintiff-Appellant Carlos Alonso and Defendant-Appellee Dr. Gladys Alonso share the same last name, we use their first names to avoid confusion.

Gladys appeared through counsel and requested a vacatur of the clerk's default. She explained that her office manager had put the summons and complaint with the routine office correspondence, which she habitually reviewed only once per month. Gladys maintained that her infrequent review of office mail, along with a busy flu season and minimal office staffing, delayed her discovery of the summons and complaint and forwarding of the papers to her attorney. The district court found that good cause existed to vacate the default and granted Gladys's motion over Carlos's objection.

About two weeks later, attorney Michael Lutfy filed a notice of appearance on Carlos's behalf. Lutfy represented Carlos and his family for almost a year. During that time, he filed two amended complaints. The second amended complaint alleged several ADA and RA claims brought by Carlos on Angie's behalf as his legal guardian, as well as a state claim brought by Carlos and his wife (Fe Morejon, Angie's mother) for their own emotional-distress injuries. On the defendant's motion, however, the district court dismissed the second amended complaint in part—including the claim brought by Carlos and Morejon individually—leaving only Angie's claims for discrimination and retaliation under the ADA and RA.

In November 2019, Lutfy filed a motion to withdraw as counsel for the plaintiffs, citing "irreconcilable differences" between him and his clients. The magistrate judge granted the motion to withdraw, and Carlos continued to litigate his son's claims without counsel for several months. Eventually, the magistrate

judge informed the plaintiffs that they could not proceed on Angie's behalf without an attorney.

During the following 18 months of litigation, two more attorneys appeared on Angie's behalf. Attorney Justin Infurna filed a notice of appearance in September 2020, but his law license was suspended less than four months later. Attorney Carmelo Palomino filed a notice of appearance in April 2021, but in January of the following year—about two weeks before the scheduled trial date—Palomino too filed a motion to withdraw as counsel for the plaintiffs. In his motion, Palomino represented that there had been "a total breakdown" in communication between him and his clients, so that they were unable to discuss the case without his clients "shouting, yelling and screaming" at him and "disrespecting, offending and/or insulting" his "intelligence, competence and mere ability to do perform [sic] his services in the instant cause."

The district court granted Palomino's motion to withdraw and removed the case from the upcoming trial calendar. The court reminded Carlos and Morejon that they could not proceed without an attorney because their individual claims had been dismissed and they could not proceed pro se on behalf of their son. It instructed them to retain new counsel for Angie within 18 days, and it warned them that the failure to retain counsel by the deadline would result in dismissal of the case.

Carlos and Morejon did not retain counsel by the district court's deadline. They filed a motion for extension of time to find a new lawyer, stating that they had contacted several firms and at

least one pro bono program but had not yet found an attorney with experience bringing ADA claims who was willing to take the case.

Carlos and Morejon also filed a motion to amend the complaint a third time. In the proposed third amended complaint, the plaintiffs added new claims by Carlos and Morejon individually, alleging that Gladys discriminated against them based on their association with Angie and seeking damages for lost wages and emotional distress as well as punitive damages and unspecified injunctive relief. The third amended complaint also proposed to add what appeared to be medical negligence claims based on Gladys's failure to refer Angie to medical specialists.

The district court denied the motion for an extension of time to retain legal counsel, denied the motion to file a third amended complaint, and dismissed the action. The court explained that the plaintiffs had had multiple opportunities to obtain counsel but had nonetheless been without counsel for almost half of the litigation. And based on two of their attorneys' motions to withdraw, the court concluded that the plaintiffs were uncooperative and disrespectful to their attorneys when they were represented by counsel. Regarding the plaintiffs' motion to amend their complaint, the district court concluded that the plaintiffs had not shown good cause for amending their complaint more than two years after the deadline to do so had passed.

The plaintiffs moved for reconsideration of the dismissal order, arguing that they had always been cooperative and respectful toward their attorneys, and that any problems had been caused by

their attorneys' incompetence, dishonest and unprofessional conduct, or lack of diligence. They also argued that Carlos should be permitted to represent Angie without an attorney.

The district court denied the motion for reconsideration, and this appeal followed.

## II.

We first consider the defendant's motion to dismiss the appeal. To the extent that Gladys argues that Carlos and Morejon lack Article III standing to appeal, we disagree. Carlos and Morejon challenge two rulings by the district court that were adverse to them individually and that were incorporated into the final judgment: the court's order vacating the default entered by the clerk against Gladys on the initial complaint (which was brought by Carlos individually), and its denial of Carlos and Morejon's motion to amend the complaint and add new claims of their own. They are thus "adverse to part of the final judgment, which is enough to establish appellate standing." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1234 (11th Cir. 2020).

But as a procedural matter, this Court has held—and the district court repeatedly explained to Carlos and Morejon—that a litigant who is not an attorney cannot act as legal counsel for anyone but himself in federal court. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007). Accordingly, we grant Gladys's

22-10607                Opinion of the Court                7

motion in part and dismiss the appeal to the extent that Carlos and Morejon attempt to act as pro se legal counsel for Angie on appeal. We therefore decline to consider their arguments that the district court abused its discretion in denying the motion for an extension of time to find an attorney for Angie, and in dismissing Angie's remaining claims in the second amended complaint.

In her motion, Gladys also argues that the appeal should be dismissed as frivolous. The appeal is subject to review for frivolousness under 28 U.S.C. § 1915 because the appellants were given leave to appeal without prepayment of the filing fees. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if the claims raised lack even arguable merit. *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is not completely without merit if it has sufficient foundation to deserve "careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991) (evaluating standard for awarding attorney's fees).

As discussed further below, we conclude that the district court did not abuse its discretion in vacating the clerk's entry of default against Gladys or in denying the plaintiffs' motion to file a third amended complaint. But because the arguments raised on appeal have sufficient substance to warrant careful review, we deny the motion to dismiss the appeal as frivolous.

### III.

### A.

The plaintiffs first argue that the district court erred by granting the defendant's motion to set aside the clerk's entry of default. We review this ruling for abuse of discretion. *See EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Rule 55 of the Federal Rules of Civil Procedure provides that a district court may set aside a clerk's entry of default for "good cause." Fed. R. Civ. P. 55(c). The "good cause" standard is flexible and may encompass a variety of factors depending on the circumstances. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Such factors include "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* "Good cause" is a liberal standard—more forgiving than the "excusable neglect" standard for setting aside a default judgment under Rule 60(b)—"but not so elastic as to be devoid of substance." *Id.*; *Mike Smith Pontiac GMC, Inc.*, 896 F.2d at 528.

The plaintiffs challenge the district court's finding of good cause, arguing that because the "receptionist" who accepted service of the complaint and summons was actually Gladys's son and office manager, she must have known about the suit immediately and simply chosen to ignore it. Although the plaintiffs' skepticism is understandable, the district court's decision to credit Gladys's

sworn testimony attributing the delay to simple negligence or mistake was not unreasonable. Carlos—the only plaintiff named in the complaint at the time—was not prejudiced by the delay of approximately six weeks, especially considering that he himself had a pending request to stay the proceedings while he tried to find a lawyer to represent him. And in her motion to vacate the default, Gladys presented two potentially meritorious defenses by arguing that the periodic home visits she made were a sufficient accommodation for Angie, and that some of Carlos's claims were actually medical malpractice claims for which he had not satisfied the statutory prerequisites. The district court did not abuse its discretion by vacating the clerk's default.

## B.

Next, the plaintiffs contend that the district court abused its discretion by denying their request for leave to amend their complaint for a third time. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231 (11th Cir. 2008) (reviewing ruling on a motion to amend for abuse of discretion). We do not agree. Once the district court has entered a scheduling order setting a deadline to amend the pleadings, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted).

The plaintiffs failed to show good cause to modify the scheduling-order deadline to amend the pleadings. They were fully aware of their individual claims and could have added them to any of their three prior complaints. And even if the missed-diagnosis claim could be considered a new claim of discrimination under the ADA or the RA (a doubtful proposition that we assume only for the sake of argument), the plaintiffs did not explain why they waited more than two years after the condition was diagnosed to request leave to amend the complaint and add the claim. The district court did not abuse its discretion in denying the motion to amend.

## IV.

Plaintiffs Carlos Alonso and Fe Morejon have standing to challenge the district court's rulings that were adverse to them, and the issues they raise on appeal are not frivolous. We therefore DENY Dr. Gladys Alonso's motion to dismiss to the extent that it seeks to dismiss the appeal for lack of standing and as frivolous. We GRANT the motion to dismiss to the extent that Carlos and Morejon attempt to proceed on appeal without an attorney on behalf of their disabled son.

As to the remaining issues, we conclude that the district court did not abuse its discretion in granting the defendant's motion to vacate the clerk's entry of default, or in denying the plaintiffs' motion to amend their complaint a third time. We therefore affirm.

AFFIRMED.