[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13736

Non-Argument Calendar

_____

DAWN M. WHITE,
PATRICK J. WHITE,

Plaintiffs-Appellants,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00667-RAH-CWB

———————————

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Patrick White, as purported *pro se* "representative" of his wife, Dawn, appeals the dismissal of her amended complaint alleging medical malpractice under the Federal Tort Claims Act committed at the Maxwell Air Force Base. The district court ruled that Patrick could not represent Dawn without being admitted to practice law. And the district court dismissed Dawn's complaint because, even though she appeared to have signed it, her complaint was untimely. Because Patrick also cannot represent his wife on appeal, we dismiss this appeal.

Patrick, who is not an attorney, purported to sue on behalf of his wife and to represent her legal interests. Federal law allows parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. But the right to appear *pro se* extends to parties conducting "their own cases," not to persons representing the interests of others. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (determining that, while Fed. R. Civ. P. 17(c) allows a parent to sue on behalf of their minor child, the rule does not allow a non-attorney parent to function as legal counsel for the child), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007).

We cannot entertain this appeal. Because Patrick was not permitted to represent Dawn's legal interests and disclaimed any intent to sue on his own behalf, he could not participate in the action. *See* 28 U.S.C. § 1654; *Devine*, 121 F.3d at 581. Although Dawn and Patrick both signed the notice of appeal, *see* Fed. R. App. P. 3(c)(1)(A), (c)(2), the unsigned opening brief states that it was submitted only by Patrick as Dawn's "Pro Se Representative" and reiterates that he "has no right to a claim nor is it his intent to be recognized" as a party. So we cannot consider the legal arguments he seeks to raise on her behalf.

We **DISMISS** this appeal.