[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12711

Non-Argument Calendar

_____

MICHAEL ANTHONY LORUSSO,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02258-MSS-TGW

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael LoRusso, proceeding *pro se*, appeals the district court's order appointing counsel to represent him in his habeas corpus petition filed under 28 U.S.C. § 2254. He argues that the appointment of counsel violated his constitutional right to self-representation. We disagree and affirm the district court's order.

We have appellate jurisdiction under the collateral order doctrine to review an order appointing counsel despite a party's request to proceed *pro se*. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 578–81 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).

The Sixth Amendment "necessarily implies the right of self-representation" at a criminal trial. *Faretta v. California*, 422 U.S. 806, 832 (1975); *see United States v. Hakim*, 30 F.4th 1310, 1321 (11th Cir. 2022). But no such right exists in an appeal, where the convicted defendant, no longer presumed innocent, prosecutes the case. *See Martinez v. Ct. of App. of Cal., Fourth App. Dist.*, 528 U.S. 152, 154, 162–63 (2000). In an appeal, a court has the *"discretion* to allow" a defendant to "proceed *pro se." See id.* at 163 (emphasis added). A section 2254 petition, a collateral appeal, is a type of appeal. So we review for an abuse of discretion a district court's decision not to permit a section 2254 petitioner to proceed *pro se. See id.*

No such abuse occurred here. Federal Rule of Civil Procedure 17(c)(2) requires courts to appoint a guardian ad litem or issue "another appropriate order" to "protect a[n] . . . incompetent person who is unrepresented in an action." Section 3006A of Title 18 of the United States Code provides that "[w]henever the . . . [district] court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under . . . section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B).

Here, the district court ordered that LoRusso be appointed counsel—and more specifically, denied his construed motions for reconsideration of its order appointing him counsel—on the basis that he suffered from mental illness and lacked the capacity to represent himself. The record supports the district court's reasoning. Documents indicated that LoRusso was diagnosed with delusional disorder and housed for several months in an inpatient mental health unit. After the district court directed LoRusso to file a single supplemental memorandum not exceeding twenty pages to help the court rule on his construed motions for reconsideration, he filed dozens of documents containing a host of conspiracy allegations involving high-ranking officials from Governor Ron DeSantis to President Donald Trump. The record also reflects that LoRusso has been barred from further *pro se* filings at all three levels of Florida's court system due to his frivolous or meritless filings. In light of the record, we cannot say the district court abused its discretion when it appointed counsel to represent LoRusso instead of permitting him to proceed *pro se*.

Lastly, to the extent that LoRusso's appellate briefing makes claims on the merits of his section 2254 petition, or that his First Amendment rights were violated by his prosecution, incarceration, or the district court's appointment of counsel, we decline to address those challenges: they are either (or both) outside the scope of the appeal before us or abandoned because they are not supported by arguments and authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").

The district court is **AFFIRMED**.