[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12524
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03611-RWS

LASHAWN FUQUA,
on behalf of minor D.F.,
Sui Juris in Propria Persona,

Plaintiff-Appellant,

versus

TERRY MASSEY,
MICHAEL WALDROP,
TONYA L. SEARCY,
THE CITY OF CONYERS,
OFFICER ANTHONY COOK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 29, 2015)

Before MARCUS, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

LaShawn FuQua appeals the dismissal of the civil-rights complaint, brought pursuant to 42 U.S.C. § 1983, that she filed in federal court on behalf of her minor daughter, D.L.  The complaint stemmed from a citation that D.L. received for public indecency and loitering, and the resulting bench trial in state municipal court.  The district court dismissed the complaint, concluding that FuQua, a non-attorney, could not act as D.L.'s counsel.  The court also denied FuQua's requests for injunctive relief, recusal, and entry of default.  FuQua now brings this appeal, challenging these rulings and other aspects of the district court proceedings.  After careful review, we affirm.

## I.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  To survive a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss for failure to state a claim on which relief can be granted, the complaint must state a plausible claim for relief—that is, it must contain sufficient factual matter, accepted as true, to state a claim for relief that is facially plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

2

(2009).  We liberally construe the pleadings of *pro se* parties.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir.), *cert. denied*, 135 S. Ct. 759 (2014).

Individual parties in federal court generally "may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  The right to appear *pro se*, however, is limited to parties conducting "their own cases," and does not extend to non-attorney parties representing the interests of others.  Consequently, we have held that "parents who are not attorneys may not bring a *pro se* action on their child's behalf."  *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed. R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), overruled in part on other grounds by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535, 127 S. Ct. 1994, 2006-07 (2007).

Here, the district court properly granted the motion to dismiss because FuQua sought to represent her minor daughter, but, as a non-attorney, she was not permitted to do so.  *See Devine*, 121 F.3d at 581.  To the extent that FuQua's § 1983 complaint asserted claims on her own behalf, she did not allege sufficient factual content showing that her own rights were violated.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  FuQua's only connection to the underlying proceedings that are the subject of the complaint was that she had attended them with D.L. and

occasionally spoke on D.L.'s behalf.  Her conclusory allegations that her civil rights were violated by the defendants are insufficient to survive a motion to dismiss.  *See id.*

For the same reasons, the district court did not err in denying FuQua's motion for injunctive relief.  Injunctive relief is appropriate only if the moving party shows, among other things, "a substantial likelihood of success on the merits."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).  Because the complaint was properly dismissed, FuQua cannot show a likelihood of success on the merits.

## II.

We review a judge's refusal to recuse himself for an abuse of discretion.  *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).  A district court judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."  *McWhorter*, 906 F.2d at 678.  A judge's bias warranting recusal generally must be "personal and extrajudicial."  *Id.*  One exception to this general rule is when the movant demonstrates pervasive bias and prejudice.  *Id.*

FuQua's recusal request appears to have been based primarily on a single ruling by the judge in this case and possibly on the court's failure to rule on her

4

motion for injunctive relief.  In other words, the alleged bias is judicial rather than personal.  Because neither action shows pervasive bias and prejudice, the district judge properly denied the recusal request.  *See id*.

## III.

FuQua presents several other challenges to the district court's judgment, none of which have merit.  First, FuQua contends that the defendants were required to retain separate counsel, but she has provided no relevant authority to support that proposition, and instead relies, as she did in the district court, on criminal cases, which are not applicable to this civil case.  Second, she asserts that the defendants never filed a responsive pleading and therefore admitted the allegations in the complaint, purportedly rendering entry of default appropriate, *see* Fed. R. Civ. P. 55(a), but the defendants permissibly filed a motion to dismiss under Rule 12(b)(6) before filing an answer, *see* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."), which stayed the time to file a responsive pleading, *see* Fed. R. Civ. P. 12(a)(4).  Finally, she contends that the district court lacked subject-matter jurisdiction, but the § 1983 complaint alleged federal civil-rights violations within the court's federal-question jurisdiction.  *See* 28 U.S.C. § 1331.

## IV.

For the foregoing reasons, we **AFFIRM** the district court.