[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14849
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-01068-TJC-JRK

RODNEY DALE CLASS,
Public Servant Since 2000, a 42 USC 1988 Escrow Proxy
for the Public and for the Actual Injured Claimant, Private
Attorney General by Legislation Appointment and
Constitutional 14th Amendment Bounty Hunter,
JOSEPH W. MINES, JR.,
The Actual Injured Claimant,

Plaintiffs - Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION,
not in its individual capacity but solely as trustee of SW
REMIC TRUST 2015-1,
CAMERON H.P. WHITE,
in their Official and Personal Capacity,
AARON BOWDEN,
in their Official and Personal Capacity,
CHARLES O. MITCHELL, JR.,
in their Official and Personal Capacity,
KAREN COLE,
in their Official and Personal Capacity, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 9, 2018)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Rodney Dale Class appeals the district court's *sua sponte* dismissal without prejudice of his *pro se* civil lawsuit, filed on behalf of Joseph W. Mines, Jr., raising Fair Debt Collection Practices Act ("FDCPA") and state law claims.  Class argues on appeal that the district court abused its discretion in dismissing the action pursuant to local rules because he, as a non-attorney, was permitted to represent Mines as counsel in federal court.[1]

We review the district court's dismissal of an action for failure to comply with a local rule for an abuse of discretion.  *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993).  Although *pro se* pleadings are entitled to liberal construction, *pro se* litigants must still comply with procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

---

[1] We note that Class has failed to preserve two arguments presented in his brief on appeal.  Class argues for the first time on appeal that the district court judge violated his oath of office and the canons of judicial ethics by engaging in the unauthorized practice of law and acting as U.S. Bank National Association's attorney.  Additionally, for the first time on appeal, he "moves" this Court for summary judgment.  These arguments are not properly before this Court, and we will not consider them.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

A district court has authority to dismiss actions for failure to comply with local rules. Fed. R. Civ. P. 41(b); *Kilgo*, 983 F.2d at 192. The district court may exercise that power *sua sponte*. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972).[2] We have held, though, that the district court should not dismiss the action of a *pro se* plaintiff based on a local rule when "there is nothing to indicate [the] plaintiff ever was made aware of it prior to dismissal." *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982).

Dismissal *with* prejudice under Rule 41(b) is an extreme sanction requiring both a clear record of willful conduct and a finding that lesser sanctions are inadequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). By contrast, a dismissal *without* prejudice often will not constitute an abuse of discretion because the affected party can simply re-file. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). Ordinarily, we apply a "less stringent standard of review to a [d]istrict [c]ourt's dismissal of a suit without prejudice, because the plaintiff would be able to file his suit again." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976).

---

[2] Decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981, are binding on this Court. *See Bonner v. City of Pritchard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

Here, the district court's local rules provided, in relevant part, that "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this [c]ourt unless first admitted to practice in the [c]ourt pursuant to this rule," and that "[o]nly those persons who are members in good standing of the Florida Bar shall be eligible for general admission to the bar of the [c]ourt." M.D. Fla. R. 2.01(a), (b). Local rule 2.02 provides several circumstances in which licensed attorneys who are not members of the Florida Bar may appear before the court. *See* M.D. Fla. R. 2.02.

Individual parties in federal court "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "The right to appear *pro se*, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 Fed.Appx. 611, 612 (11th Cir. 2015) (quoting *Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.").

Class's pleadings in the district court made unmistakably clear that he was attempting to represent Mines as his counsel. He stated twice in boldface type that

4

he was acting as counsel on behalf of the actual injured claimant, and he filed an entry of appearance on behalf of Mines.  He also acknowledged that he was not a licensed attorney, arguing at length that any requirement that he possess a "[b]ar [c]ard" to represent clients in federal court violated federal law.  Accordingly, Class undoubtedly violated the district court's Local Rules 2.01 and 2.02.  *See* M.D. Fla. R. 2.01, 2.02.  The district court made Class specifically aware that he was in violation of Local Rules 2.01 and 2.02 in its show-cause order.  Because Class was aware that he was in violation of the district court's rules, and because the district court merely dismissed his case without prejudice, the court did not abuse its discretion.  *See Mitchell*, 682 F.2d at 887; *see also Dynes*, 720 F.2d at 1499; *Boazman*, 537 F.2d at 212–13.

Class has not shown that the district court otherwise erred in dismissing his suit without prejudice.  As a non-attorney, Class could not represent Mines in federal court as a client.  *See Devine*, 121 F.3d at 581; *see also Wheat*, 486 U.S. at 159.  Class has not identified any authority establishing that non-lawyers may represent other individuals as counsel.  Specifically, nothing about the "private attorney general" doctrine's fee-shifting provision authorizes non-attorneys to bring claims on behalf of others.  *See Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1190 (11th Cir. 1983); *see also Newman v. Piggie Park Enters.*, 390 U.S. 400,401–02 (1968).

5

**AFFIRMED.**