[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12896
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-23990-MGC

JENNIFER GRAPPELL,

Plaintiff-Appellant,

versus

ALBERTO M. CARVALHO,
Superintendent of Miami-Dade County Public
School Board,
PERLA TABERES HANTMAN,
Chair of Miami-Dade County Public School
Board,
DR. MARTIN KARP,
Vice Chair of Miami-Dade County Public School
Board,
DR. DOROTHY BENDROSS-MINDINGALL,
Member of Miami-Dade County Public School
Board,
SUSIE V. CASTILLO,
Member of Miami-Dade County Public School
Board, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 2, 2021)

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Jennifer Grappell, proceeding *pro se*, filed a putative civil-rights lawsuit against members of the Miami-Dade County Public School Board. She alleged that she and her son, K.G., suffered years of discrimination, retaliation, and harassment from both employees of an elementary school where her son was a student and members of the School Board. Although her complaint is not clear, it appears that her wide-ranging allegations stem primarily from an incident in October 2015, when her seven-year-old son was "sexually violated" by two female classmates during a physical-education class, and from her son's and her subsequent attempts to seek redress for this incident. Grappell alleged that the defendants violated various statutes, including 18 U.S.C. §§ 241, 1510, 1621, 1708, and 2071, and 42 U.S.C. §§ 1985 and 1986. As remedies, she requested the termination of all members of the School Board and certain school employees as well as compensatory damages for K.G. in excess of $75,000.

The district court granted the defendants' motion to dismiss and dismissed the complaint as an impermissible "shotgun pleading" and for failure to state a viable claim to relief.[1] The court found that it could not "ascertain what causes of action Plaintiff is attempting to bring or against which Defendants each claim is brought." Nor, in the court's view, did the complaint state a viable claim based on any of the statutes Grappell cited, including any claim alleging a conspiracy to violate her civil rights or those of her son. Finally, the court declined to grant Grappell leave to amend because even with a more carefully drafted complaint, "she would not be able to show she is entitled to the relief she seeks." Grappell now appeals.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a viable claim under Rule 12(b)(6), Fed. R. Civ. P., accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.[2] *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). We review a district court's decision to deny leave to amend for abuse of discretion.

---

[1] That the defendants may have misspelled Grappell's last name in the motion to dismiss does not mean that the motion is a nullity, as Grappell suggests. Grappell received the motion and filed a timely response.

[2] Although we agree with the district court that Grappell's complaint was an impermissible "shotgun pleading," *see Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015), we do not affirm on this ground because district courts "must sua sponte give [plaintiffs] one chance to replead before dismissing [the] case with prejudice on non-merits shotgun pleading grounds," *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018), and Grappell was not given "one chance to replead." We therefore need not address Grappell's arguments on this point.

3

*Woldeab v. Dekalb Cnty. Bd. Of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).  We may affirm the district court on any ground supported by the record.  *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020).

At the outset, we note that Grappell, a non-attorney proceeding *pro se*, purported to bring claims on behalf of herself and her minor son.  While individuals in federal court generally may "may plead and conduct *their own cases* personally," 28 U.S.C. § 1654 (emphasis added), the right to appear *pro se* does not extend to non-attorney parties representing the interests of others.  In particular, we have held that "parents who are not attorneys may not bring a *pro se* action on their child's behalf."  *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed. R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007).  This rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."  *Devine*, 121 F.3d at 581.  Accordingly, to the extent Grappell, a non-attorney, sought to represent the legal interests of her son, the district court should have dismissed those claims without prejudice.

As for Grappell's own claims, the district court properly dismissed Grappell's complaint.  To prevent dismissal under Rule 12(b)(6), a plaintiff must plead

4

sufficient facts to state a claim that is "plausible on its face." *Hunt*, 814 F.3d at 1221 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation marks omitted). "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Here, Grappell has not stated a plausible claim to relief. In her complaint, Grappell referred to various criminal statutes, *see* 18 U.S.C. §§ 241, 1510, 1621, 1708 and 2071, as bases for relief. However, these sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies).[3]

Beyond these criminal statutes, Grappell raised claims under 42 U.S.C. §§ 1985 and 1986.[4] Section 1986 provides a cause of action against anyone who has

---

[3] This Court adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[4] Notably, Grappell mentioned 42 U.S.C. § 1986 only in the context of alleging that then-Governor Rick Scott, who is not a named defendant, failed to prevent the school shooting in Parkland, Florida. But Grappell has no apparent personal connection to those events.

5

"knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986. Thus, "[t]he text of § 1986 requires the existence of a § 1985 conspiracy." *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997). Section 1985, in turn, provides a cause of action against anyone who, among other things, conspires for "the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws," 42 U.S.C. § 1985(2), or for the purpose of depriving "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," 42 U.S.C. § 1985(3). Both of these provisions "require[] an allegation of class-based animus for the statement of a claim." *Chavis v. Clayton Cnty. Sch. Dist.*, 300 F.3d 1288, 1292 (11th Cir. 2002) (concerning § 1985(2)); *Park*, 120 F.3d at 1161–62 (concerning § 1985(3)).

For starters, Grappell has failed to preserve her challenge to the district court's dismissal of her claims under § 1985 and § 1986. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In her briefing, Grappell does not address the district court's reasons for dismissing her claims under § 1985 and § 1986. Although she vaguely refers this Court to

6

"[s]everal more arguments" that she made before the district court, such incorporation of arguments by reference is not sufficient to preserve issues for appellate review. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) ("reject[ing] the practice of incorporating by reference arguments made to district courts"). Accordingly, Grappell abandoned her challenge to the dismissal of these claims.

In any case, even if we assume these claims were properly preserved, nothing in the complaint suggests that the defendants' allegedly wrongful conduct against Grappell was motivated by racial or class-based animus, which is required for claims under § 1985(2) and (3). *See Chavis*, 300 F.3d at 1292; *Park*, 120 F.3d at 1161–62. Nor do her allegations indicate, beyond vague and conclusory accusations, the existence of any joint agreement between the defendants. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed."). Accordingly, Grappell's allegations fail to show the existence of any conspiracy under § 1985. And without a § 1985 conspiracy, she likewise cannot establish a claim under § 1986. *See Park*, 120 F.3d at 1160. We also note that Grappell does not appear to seek any cognizable relief, such as monetary damages, for her own claims.

7

Finally, Grappell argues that the district court erred in dismissing her complaint without giving her the opportunity to amend it. Ordinarily, if a more carefully drafted complaint might state a viable claim, a district court abuses its discretion if it does not provide a *pro se* plaintiff with at least one opportunity for amendment before dismissing the action with prejudice. *Woldeab*, 885 F.3d at 1291. But a court need not grant leave to amend when "a more carefully drafted complaint could not state a claim." *Id.*

Here, the district court did not abuse its discretion by denying leave to amend. Apart from describing the court's decision as "beyond erroneous" and "against the weight of the evidence," and accusing the defendants of perjury, obstruction of justice, discrimination, and harassment, Grappell does not indicate how she could state a viable claim in a more carefully drafted complaint. While she suggests on appeal that she could state claims under Title VII and Title IX, there is no indication she could bring a claim under these statutes because she was not a prospective or current student or employee of any entity connected with the defendants. And again, she cannot represent the legal interests of her son or enforce his rights while proceeding as a *pro se* party. *See Devine*, 121 F.3d at 581.

In sum, we affirm the dismissal with prejudice of Grappell's complaint to the extent she seeks relief on her own behalf. We vacate the dismissal of the complaint

to the extent Grappell sought to represent her son's legal interests, and we remand for the district court to dismiss those claims without prejudice.

**AFFIRMED in part; VACATED AND REMANDED in part.**